# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HUGUES GREGO, et al., | ) | CASE NO. 5:10CV2691 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| NEXAGEN USA LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

      This matter comes before the Court as an action to confirm an arbitration award (Doc. No. 1),[1] which Defendant has challenged by means of a motion to vacate, modify, and/or correct the award (Doc. No. 7). While the parties submitted to the Court limited records from the arbitration proceedings, including the arbitrator's partial and final awards, having noted Defendant's claims that the arbitrator exhibited partiality and exceeded his authority, the Court ordered the parties to submit "the record of the arbitration proceedings[.]" (Doc. No. 12.) The parties could not agree upon the documents that would constitute the record because, as Plaintiffs represent, no official record of arbitration proceedings is maintained under the rules of the American Arbitration Association. (Doc. No. 17, at ¶ 2.) Plaintiffs submitted what they believed

---

[1] The party requesting an order confirming, modifying, or correcting an arbitration award is required by statute (9 U.S.C. § 13) to file the following along with its request:

    (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.

    (b) The award.

    (c) Each notice, affidavit, or other paper used upon an application to confirm, modify or correct the award, and a copy of each order of the court upon such application.

The Complaint on Application to Confirm Arbitration Award filed by the Plaintiffs contains all of these documents.

constituted the record of the proceedings. Defendant filed a motion to strike this "record." (Doc. No. 18.) The Court has reviewed both parties' submissions[2] and, for the reasons set forth herein, **GRANTS** Defendant's motion to strike, **DENIES** Defendant's motion to vacate, modify and/or correct the award, and **CONFIRMS** the arbitration award.

## I. BACKGROUND [3]

Plaintiffs are citizens of France who entered into a distributorship agreement with Defendant, an Akron limited liability company. As part of the agreement, the parties agreed to arbitrate any claims that might arise between them. (Compl., Ex. A, ¶ 82.)[4] Plaintiffs sued

---

[2] When the Court requested the "record of the arbitration proceedings," it really had in mind an official transcript of the hearing(s) conducted by the arbitrator, if such existed. However, plaintiff has now made clear that there was no stenographic transcript. (*See* Doc. No. 17, ¶ 2.) Unfortunately, what was submitted by the plaintiff is not really a record and is certainly not certified as such by anyone who might have authority to do so. Defendant opposes any consideration of this "record" and further notes that it does not contain any of the exhibits that were presented to the arbitrator during the hearing. Therefore, although plaintiff was merely trying to accommodate the Court's request for a record, the Court hereby **GRANTS** Doc. No. 18 and **STRIKES** Doc. Nos. 15 and 16.

[3] Most of the facts herein come from the Complaint. However, pinpoint citations cannot be made because the paragraphs are numbered incorrectly. There are two paragraphs each numbered "3," "6," and "7" and three paragraphs each numbered "4" and "5."

[4] Paragraph 82 of the Agreement provides in full as follows:

> Arbitration. Any controversy or claim arising out of or relating to the Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. If a Distributor wishes to bring an action against Nexagen for any act or omission relating to or arising from this Agreement, such action must be brought within one year from the date of the alleged conduct giving rise to the cause of action. Failure to bring such action within one year shall bar all claims by Distributor against Nexagen for such act or omission. Distributor waives all claims that any other statute of limitation applies. Distributors waive all rights to trial by jury or to any court. All arbitration proceedings shall be held in the City of Akron, Ohio, County of Summit, unless the laws of the state in which a Distributor resides expressly require the application of its laws, in which case the arbitration shall be held in the capital of that state. The parties shall be entitled to all discovery rights allowed under the Federal Rules of Civil Procedure. No other aspects of the Federal Rules of Civil Procedure shall be applicable to an arbitration. There shall be one arbitrator, an attorney at law, who shall have expertise in business law transactions with a strong preference being an attorney knowledgeable in the direct selling industry, selected from the panel which the American Arbitration Panel provides. The prevailing party shall be entitled to receive from the losing party OR Each party to the arbitration shall be responsible for its own -- costs and expenses of arbitration, including legal and filing fees. The decision of the arbitrator shall be final and binding on the parties and may, if necessary, be reduced to a judgment in any court of competent

Defendants for non-payment of commissions and the matter was submitted to arbitration. (Compl., Ex. B.)

Prior to the start of the arbitration, Defendant unsuccessfully challenged the jurisdiction of the arbitrator. (Compl., Ex. C.) After briefing and a hearing, the arbitrator found that the parties had entered into the distributorship agreement and that Defendant owed Plaintiffs unpaid commissions. The arbitrator also found that Defendant had failed to substantiate its claims that Plaintiffs were in violation of the distributorship agreement by living in a marital relationship or a civil partnership (which would have resulted in two distributors living in the same home), or that Plaintiffs had disparaged Defendant. The arbitrator concluded that Plaintiffs Grego and Sereme were owed commissions totaling, respectively, $251,942.23 and $125,413.62, each with interest. Finally, the arbitrator found that Plaintiffs owed Defendant $17,906.76 as a result of products that Plaintiffs had retained after the conflict arose. (Compl., Ex. D.) In a separate ruling, the arbitrator also found that Defendant owed Plaintiffs a total of $74,326.28 in attorney's fees and $19,867.28 in arbitration costs. (Compl., Ex. E.)

## II. DISCUSSION

**A.    Legal Standard**

"Congress enacted the FAA [Federal Arbitration Act] to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (changes in original) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 441 (2006)). "When courts are called on to review an arbitrator's

---

jurisdiction. This agreement to arbitrate shall survive any termination or expiration of the Agreement.

decision, the review is very narrow; [it is] one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of America, AFL-CIO, Dist. 27, Sub-Dist. 5*, 913 F.2d 1166, 1169 (6th Cir. 1990). "The Supreme Court has made clear in the *Steelworkers' Trilogy* and its progeny that courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local Number 7*, 114 F.3d 596, 599 (6th Cir. 1997).[5]

A federal court "must grant [an order confirming an arbitral award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In fact, "[t]he Federal Arbitration Act presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing 9 U.S.C. § 9). "Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. [. . .] [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Under the express terms of the FAA, an award may be vacated only in the following instances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[5] In a footnote, the court identified the "*Steelworkers' Trilogy*" as the following: *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navig. Co.*, 363 U.S. 574 (1960); *United Steelworkers of Am. v. American Mfg. Co.*, 363 U.S. 564 (1960).

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

The Sixth Circuit has very clearly set forth the standard where there is a challenge to an arbitrator's decision:

> [...] Section 10 [of the FAA] permits a district court to vacate an award that was procured by corruption, fraud, or undue means, where there was evident partiality or corruption of the arbitrators, misconduct or misbehavior on the part of the arbitrators, or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> As an alternative to these statutory grounds, a separate judicially created basis for vacation obtains where the arbitration award was made "in manifest disregard of the law." *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Although the parties have bargained for a resolution by way of arbitration, a blatant disregard of the applicable rule of law will not be tolerated. Even so, up to that point they must abide by the attributes of the process upon which they have agreed.
>
> This court has emphasized that manifest disregard of the law is a very narrow standard of review. *Anaconda Co. v. District Lodge No. 27*, 693 F.2d 35 (6th Cir. 1982). A mere error in interpretation or application of the law is insufficient. *Anaconda*, 693 F.2d at 37-38. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.
>
> Where [...] the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle. If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside. *Storer Broadcasting Co. v. American Fed'n of Television and Radio Artists*, 600 F.2d 45 (6th Cir. 1979); *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir. 1992), *cert. denied*, 507 U.S. 915 (1993).

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420-21 (6th Cir. 1995). *See also*, *Shelby County Health Care Corp. v. American Fed'n of State, County & Municipal*

*Employees*, 967 F.2d 1091, 1094 (6th Cir. 1992) (courts "are not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misinterpretation of the contract.") (citing *Misco*, *supra*).

### B.     Defendant's Claims

Defendant has alleged in its Motion to Vacate that the arbitrator "evidenced partiality, exceeded his powers pursuant to authority of the America [sic] Arbitration Association and his own Orders, and further failed to adequately review and/or consider Defendant/Respondent's Motion to Dismiss as challenge of proper party, forum, subject matter and personal jurisdiction, and venue, as well as, Respondent's Motion for Directed Verdict, and further failed to properly apply applicable law of the State of Ohio." (Motion, Doc. No. 7, at 2.)

In so claiming, Defendant cites three alleged factual errors (one of which resulted in an alleged error of mathematical miscalculation) and alleged legal errors in assigning value to its lost property and in refusing to make a finding of conversion. Defendant further argues that the arbitrator set forth no reason for denying its motion for directed verdict, apparently made orally at the hearing.[6] Finally, Defendant cites two instances of what it claims are preferential treatment of Plaintiffs by the arbitrator.

### C.     Analysis

To the extent Defendant has challenged the factual or legal determinations of the arbitrator, the precedent cited above clearly indicates that the Court cannot review the claims. *See Misco*, 484 U.S. at 38 ("[A]s long as the arbitrator is even arguably construing or applying

---

[6] This argument does not warrant discussion. Defendant points to the Partial Award of Arbitrator at page 4 under the heading "Preliminary Ruling." There, the arbitrator stated: "For the reasons *below*, Respondent's motion [to dismiss, made at the close of Claimant's case] is hereby denied." (emphasis added). Defendant asserts that there are no reasons below, but only the award. It is apparent to the Court that this is a clerical error and the arbitrator undoubtedly meant to say "for the reasons *above*," that is, for the reasons given in the Findings of Fact and Conclusions of Law that preceded the "Preliminary Ruling."

the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."); *Shelby County Health Care Corp.*, *supra* (same). Therefore, the factual and legal determinations of the arbitrator must stand unless there is some statutory basis to overturn them. In that regard, Defendant asserts two instances where the arbitrator allegedly showed partiality to Plaintiffs, to its prejudice. Since "evident partiality" is one of the statutory grounds for overturning an award, the Court will examine that argument.

In its first claim of partiality, Defendant contends that Plaintiffs were given an unfair number of opportunities to brief the law of conversion of property and the value of the property they allegedly retained, as well as the issue of attorney's fees, which they had not done when they were first instructed to do so by the arbitrator. Allegedly, the arbitrator's permitting them a second opportunity constituted partiality.

For its second claim of partiality, Defendant cites the arbitrator's permitting Plaintiffs to produce during the hearing evidence that they should have produced during the discovery phase.

Section 10 of the FAA provides that "where there was *evident partiality or corruption* in the arbitrators," a court may order that the arbitration award be vacated. 9 U.S.C. § 10(a)(1) (emphasis added). Any alleged partiality "must be direct, definite, and capable of demonstration and the party asserting evident partiality must establish specific facts that indicate improper motives on the part of the arbitrator." *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 329 (6th Cir. 1998) (internal quotation marks and citation omitted). "[T]o invalidate an arbitration award on the grounds of bias, the challenging party must show that 'a reasonable person would have to conclude that an arbitrator was partial' to the other party to the

arbitration." *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989) (quoting *Morelite Const. Corp. v. New York City Dist. Council of Carpenters Bens. Funds*, 748 F.2d 79, 84 (2d Cir. 1984)).

Applying this standard, Defendant's allegations are a far cry from "evident partiality or corruption," and are not even readily described as "partiality." In fact, bias seems too strong a term. This is evidence of an arbitrator, acting well within his discretion, having given Plaintiffs more than one opportunity to do what they had been instructed to do already. There is nothing before this Court that would support Defendant's assertion of partiality.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Vacate (Doc. 7) and **CONFIRMS** the arbitration award as sought by Plaintiffs (Doc. No. 1). The Court also **GRANTS** Defendant's motion to strike (Doc. No. 18.)

**IT IS SO ORDERED**.

Dated: July 15, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**